**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SERVICE EMPLOYEES INTERNATIONAL  )
UNION NATIONAL INDUSTRY  )
PENSION FUND,  )
1800 Massachusetts Ave, Suite 301  )
Washington, D.C. 20036,  )   Case No.: 1:20-cv-957
  )
and  )
  )
BOARD OF TRUSTEES OF THE  )
SERVICE EMPLOYEES  )
INTERNATIONAL UNION NATIONAL  )
INDUSTRY PENSION FUND,  )
1800 Massachusetts Ave, Suite 301  )
Washington, D.C. 20036,  )
                              Plaintiffs,  )
v.  )
  )
C.W. BUILDING MAINTENANCE  )
2715 Sargent Avenue  )
San Pablo, CA 94806  )
                              Defendant.  )

**Additional Required Service under 29 U.S.C. § 1132(h) to:**

**U.S. Department of Labor
Attn: Assistant Solicitor
   for Plan Benefits Security
200 Constitution Ave., N.W.
Washington, DC 20210**

**U.S. Department of Treasury
Attn: Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220**

**COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST,
LIQUIDATED DAMAGES, REMITTANCE REPORTS, ATTORNEY'S FEES AND
COSTS, INJUNCTIVE RELIEF**

**Introduction, Jurisdiction and Venue**

1. This is a civil action brought by an employee benefit plan, and by the Trustees of an employee benefit plan, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145 and Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), to collect unpaid collectively bargained contributions, interest, and liquidated damages owed by the Defendant and to compel Defendant's cooperation with a payroll audit.

2. Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Service Employees International Union National Industry Pension Fund is administered in this District.

4. Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail on or about the date of filing.

## Parties

5. Plaintiff Service Employees International Union National Industry Pension Fund ("SEIU Pension Fund") is an employee pension benefit plan within the meaning of Sections 3(2), (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The SEIU Pension Fund is and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The SEIU Pension Fund is administered at 1800 Massachusetts Avenue NW, Suite 301, Washington, DC 20036.

6. Plaintiff Trustees of the SEIU Pension Fund, Arun Ivatury, Roderick S. Bashir, Christopher Bouvier, Thomas LaMartina, Edward J. Manko, John J. Sheridan, Frank A. Maxson, Laphonza Butler, David Huerta, and Emanuel Pastreich are the duly authorized Trustees of the SEIU Pension Fund whose duty it is to administer the SEIU Pension Fund for the benefit of the participants and beneficiaries of the SEIU Pension Fund. Plaintiff Trustees are fiduciaries within

the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

7. Defendant C.W. Building Maintenance ("CW") is an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Sections 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

8. Upon information and belief, Defendant CW is a corporation incorporated in the state of California, with a mailing address of 2715 Sargent Avenue, San Pablo, CA 94806.

## Factual Background

9. At all relevant times, Service Employees International Union Local 87CA ("the Union") has been the exclusive bargaining representative for all bargaining unit employees employed by Defendant.

10. The San Francisco Maintenance Contractors Association ("Contractors Association") entered into a collective-bargaining agreement ("2012 CBA") with the Union effective for the period of August 1, 2012 through July 31, 2016. A true, correct and complete copy of the 2012 CBA is attached as Plaintiffs' Exhibit 1. CW signed an Agreement to Adopt Contract obligating them to comply with the terms of the 2012 CBA for its bargaining unit employees for the duration of the 2012 CBA. A true, correct, and complete copy of the 2012 Agreement to Adopt Contract is attached as Plaintiff's Exhibit 2. The Contractors Association and the Union entered into a successor agreement ("2016 CBA") effective for the period of August 1, 2016 through July 31, 2020. A true, correct and complete copy of the CBA is attached as Plaintiffs' Exhibit 3. CW signed an Agreement to Adopt Contract obligating them to comply with the terms of the 2016 CBA for its bargaining unit employees for the duration of the 2016 CBA. A true,

correct, and complete copy of the 2016 Agreement to Adopt Contract is attached as Plaintiff's Exhibit 4.

11. Pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, employers who are obligated to make contributions to a multi-employer employee benefit plan must do so in accordance with the terms of the applicable collective bargaining agreements. Here, the 2012 and 2016 CBAs (collectively, "the CBAs" or "Collective Bargaining Agreements") state that the Defendant is obligated to remit pension contributions at a rate of $1.15 per hour worked or paid by its covered employees to the SEIU Pension Fund effective August 1, 2011. Exs. 1 & 3, Sec. 16.1.

12. Pursuant to the CBAs and by submitting reports and contributions to the SEIU Pension Fund, Defendant agreed to be bound by the SEIU Pension Fund's Agreement and Declaration of Trust ("Trust Agreement"). Exs. 1 & 3, Sec. 16.3. A true and correct copy of the Trust Agreement is attached as Plaintiffs' Exhibit 5. Pursuant to Section 5.1(22) of the Trust Agreement, the Trustees are empowered to create and enforce a collection policy for the assessment of unpaid and delinquent contributions. Ex. 5, Sec. 5.1(22). Accordingly, Defendant is obligated to remit contributions to the SEIU Pension Fund in accordance with the collection policies and procedures adopted by the Trustees. A true and correct copy of the Statement of Policy for Collection of Delinquent Contributions ("Collection Policy") is attached as Plaintiffs' Exhibit 6.

13. At all relevant times, Section 3.1 of the SEIU Pension Fund's Trust Agreement has provided that an employer must submit complete remittance reports to the SEIU Pension Fund with the employer's contributions. The remittance report must contain the names of each covered employee and the number of compensable hours for each employee during the reporting month. Ex. 5, Sec. 3.1.

14. Section 2 of the Collection Policy states that "[i]f the Fund Office has not received complete and correct remittance report(s) necessary to determine the amounts owed by the Employer, the Fund Office shall estimate the contributions due based on the most recent remittance report submitted to the Fund, payroll information, or other basis as reasonably determined by the Fund, and the Employer shall be deemed delinquent in its contributions in that amount on a monthly basis, as a minimum, in any subsequent legal action." Ex. 6, Sec. 2.

15. Section 5 of SEIU Pension Fund's Trust Agreement and Section 4 of the Collection Policy both provide that the SEIU Pension Fund may audit any contributing employer for the purpose of ensuring that such employer has remitted the appropriate amount of contributions to the Pension Fund. Ex. 5, Sec. 5; Ex. 6, Sec. 4.

16. Section 3.2 of the Trust Agreement and Section 2 of the Collection Policy provide that an employer delinquent in its contribution obligations to the SEIU Pension Fund and the subject of a collection lawsuit is liable for interest at the rate of ten percent (10%) per annum, liquidated damages at the greater of the interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions after the commencement of legal action, and attorneys' fees and costs. Ex. 5, Sec. 3.2; Ex. 6, Sec. 2.

17. Pursuant to the Pension Protection Act of 2006, 29 U.S.C. § 1085 *et seq.* ("PPA"), the SEIU Pension Fund was determined to be in critical status for the plan years beginning January 1, 2009, January 1, 2010, January 1, 2011, January 1, 2012, January 1, 2013, January 1, 2014, January 1, 2015, January 1, 2016, and January 1, 2017. Participating employers in the Fund were notified of this status via letters sent April 30, 2009, April 30, 2010, April 30, 2011, April 30, 2012, April 30, 2013, April 28, 2014, April 28, 2015, April 28, 2016, April 28, 2017, April 28, 2018, and April 29, 2019. Copies of these letters are attached as Plaintiffs' Exhibit 7.

18. For plans in critical status, the PPA requires that all contributing employers pay to the plan a surcharge to help correct its financial situation. The amount of the surcharge is equal to a percentage of the amount an employer is otherwise required to contribute to the plan. For the SEIU Pension Fund, a five percent (5%) surcharge was applicable in the initial critical year (2009), and a ten percent (10%) surcharge was applicable in 2010 and for each succeeding plan year thereafter in which the plan is in critical status, until the bargaining parties agree to a collective bargaining agreement that implements the supplemental contribution schedules in the Rehabilitation Plan adopted by the Fund or the Default Schedule is imposed on the participating employer. Participating employers were notified of the Rehabilitation Plan adopted by the SEIU Pension Fund in November 2009. A copy of this letter is attached as Plaintiffs' Exhibit 8.

19. Pursuant to the CBAs, Defendant is obligated to remit supplemental contributions according to the Preferred Schedule of the Fund's Rehabilitation Plan. Exs. 1 & 3, Sec. 16.1. Accordingly, effective August 1, 2015, Defendant was obligated to remit supplemental contributions at a rate of 59.8% of the base contributions due. Effective August 1, 2016 this rate increased to 72.1% of the base contributions due. Effective August 1, 2017 this rate increased to 85.5% of the base contributions due. Effective August 1, 2018 this rate increased to 99.9% of the base contributions due. Effective August 1, 2019 this rate increased to 115.4% of the base contributions due.

20. For various months during the period of December 2017 through the present, Defendant has failed to timely remit contractually required reports and contributions and has failed to pay certain interest charges, and liquidated damages to the SEIU Pension Fund. Defendant has also failed to cooperate with the SEIU Pension Fund's request to audit Defendant's payroll records for the calendar years 2016 and 2017.

## Count I – Reports Owed

21. Plaintiffs reallege and incorporate Paragraphs 1 thorough 20.

22. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1332(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

23. Defendant is obligated, under the terms of the Collective Bargaining Agreements, to provide remittance reports and contributions to the SEIU Pension Fund on behalf of the Defendant's employees.

24. Defendant has failed to submit remittance reports and contributions for the months of December 2017, January 2018, April 2018, and December 2019 through the present. Without these remittance reports, the SEIU Pension Fund is unable to determine the amount of contributions due for these months. Interest and liquidated damages will be assessed on the contributions due once reports are received by the Fund.

25. Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Plaintiffs are entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

26. Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and attempted to contact the Defendant in efforts to obtain the outstanding remittance reports and contributions from the Defendant for these months. Defendant continues to refuse to provide the missing reports or make payments on the resulting amounts due. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund, and pay the delinquent and unpaid contributions, liquidated damages and interest due on the delinquent and unpaid contributions.

27. Defendant's continued failure to pay the amounts due have caused irreparable harm

to the plan participants in the form of loss of earnings and expenses of the SEIU Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

## Count II – Delinquent Contributions

28. Plaintiffs reallege and incorporate paragraphs 1 through 27.

29. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1332(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

30. Defendant is obligated, under the terms of the Collective Bargaining Agreements, to provide contributions to the SEIU Pension Fund on behalf of the Defendant's employees.

31. Defendant has late paid and underpaid contributions for various months during the period of September 2018 through November 2019. As a result, Defendant owes $8,904.42 in contributions, $904.31 in interest (calculated through April 15, 2020), and $2,710.88 in liquidated damages. Defendant owes a total of $12,519.61 to the SEIU Pension Fund, plus continuing interest.

32. Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Plaintiffs are entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

33. Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and attempted to contact the Defendant in efforts to obtain the outstanding remittance reports and contributions from the Defendant for these months. Defendant continues to fail to provide the missing reports or make payments on the resulting amounts due. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund, and pay the delinquent and unpaid contributions, liquidated damages and interest due on the delinquent

and unpaid contributions.

34. Defendant's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

### Count III - Payroll Audit Request

35. Plaintiffs reallege and incorporate paragraphs 1 through 34.

36. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1332(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

37. Pursuant to the SEIU Pension Fund's Trust Agreement and Collection Policy, as well as Defendant's obligations under the Collective Bargaining Agreements and under ERISA, Defendant is obligated to provide information so that the Pension Fund may perform an audit to verify that Defendant has remitted the appropriate amount of contributions to the Pension Fund.

38. Defendant has failed to cooperate with the SEIU Pension Fund's request to audit Defendant's payroll records for the calendar years 2016 and 2017.

39. Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Plaintiffs are entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

40. Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and attempted to directly contact Defendant to obtain the information necessary to perform an audit for the period of January 1, 2016 to December 31, 2017.  Defendant has failed to provide the requested information necessary to perform the audit. There is little prospect that, lacking judicial

compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund.

41. Defendant's continued failure to cooperate with the payroll audit has caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1. Declare that Defendant is delinquent in submitting remittance reports for the periods described herein and Order Defendant to pay the corresponding outstanding contributions, interest, and liquidated damages for these delinquent months;

2. Declare that Defendant is delinquent in timely remitting contributions for the period described herein and Order Defendant to pay $12,519.61 in contributions, interest, and liquidated damages;

3. Declare that Defendant is in violation of its contractual and statutory obligations by failing and refusing to provide payroll review records to the SEIU Pension Fund pursuant to the Collective Bargaining Agreements, the SEIU Pension Fund's Trust Agreement, and the SEIU Pension Fund's Collection Policy and Order Defendant to turn over the payroll review records;

4. Enter judgment for Plaintiffs' attorneys' fees and costs, as required by the Collective Bargaining Agreements, the Trust Agreement and Section 502(g) of ERISA;

5. Retain jurisdiction of this case pending compliance with its Orders; and,

6. Grant such relief as the Court may deem appropriate.

                    Respectfully submitted,

                    /s/ Lori R. Waichman
                    Lori R. Waichman
                    Mooney, Green, Saindon, Murphy & Welch, P.C.
                    1920 L Street, NW, Suite 400
                    Washington, D.C. 20036
                    (202) 783-0010
                    (202) 783-6088 Facsimile
                    lwaichman@mooneygreen.com
                    Counsel for the Plaintiffs

Dated: April 13, 2020

**CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)**

I hereby certify that on this 13th day of April, 2020, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, ATTORNEYS FEES, AND COSTS was served via certified mail on:

    U.S. Department of Labor
    Attn: Assistant Solicitor for Plan Benefits Security
    200 Constitution Ave., N.W.
    Washington, DC 20002

    U.S. Department of Treasury
    Attn: Secretary of the Treasury
    1500 Pennsylvania Avenue, NW
    Washington, D.C. 20220

                                                  _____/s/ Lori R. Waichman___
                                                       Lori R. Waichman